STATE OF MAINE

YORK, SS.   SUPERIOR COURT
            Docket No. _____

Bridget Hale )
36 Tamarack Street )
South Berwick, ME 03908 )
                        )
        Plaintiff )
                        )
v.                      )   **COMPLAINT AND**
                        )   **REQUEST FOR JURY TRIAL**
Owl Companies )
2465 Campus Drive )
Irvine, California 92612 )
                        )
Del-Jen, Inc. )
4465 Guthrie Highway )
Clarksville, TN 37040 )
                        )
Career Systems Development Corp. )
75 Thruway Park Drive, Suite 100 )
Irvine, CA 92612 )
                        )
Fluor Corporation )
6700 Las Colinas Blvd. )
Irving, TX 75039 )
                        )
        Defendants )

NOW COMES the Plaintiff, Bridget Hale, by and through her attorneys, Boynton, Waldron, Doleac, Woodman & Scott, PA., and respectfully submits this Complaint and Request for Jury Trial against the Defendants, Owl Companies; Del-Jen, Incorporated; Career Systems Development Corporation; and Fluor Corporation, stating in support thereof as follows:

### **THE PARTIES**

1.  Plaintiff, Bridget Hale, is a resident of the State of Maine, residing at 36

Tamarack Street, South Berwick, Maine 03908.

2. Defendant, Owl Companies is, upon information and belief, is a California Corporation, and is responsible for operating Penobscot Job Corps Center, and is located at 2465 Campus Drive in Irvine, California 92612

3. Defendant, Del-Jen, Inc., is, upon information and belief, a Tennessee Corporation, and a subsidiary corporation of Fluor Corporation, and upon information and belief, is responsible for operating and/or managing the Penobscot Job Corps Center located at 1375 Union Street in Bangor, Maine 04401, and is headquartered at 4465 Guthrie Highway, Clarksville, TN 37040.

4. Defendant, Career Systems Development Corporation, upon information and belief, is a New York Corporation, that oversees the Penobscot Job Corps Program, and is located at 75 Thruway Park Drive, Suite 100, Henrietta, NY 14586.

5. Defendant, Fluor Corporation is, upon information and belief, the parent company of Del-Jen, Inc., and is located at 6700 Las Colinas Boulevard, Irving, TX 75039.

**FACTUAL BACKGROUND**

6. On or about November 20, 2015, Bridget Hale was a student under the care, supervision, and control of the Defendants, as she was a resident student at the so called Penobscot Job Corps Center, and Plaintiff was living in the dorms at the Center.

7. On or about November 20, 2015, the Plaintiff was allowed to leave the Penobscot Job Corps Center campus with a fellow student, contrary to the agreed upon protocol between the Defendants, their agents and representatives and the Plaintiff, and the Plaintiff's mother. Plaintiff and the fellow student were allowed to leave campus and go to a local hotel.

8. While at the hotel the fellow student sexually assaulted the Plaintiff causing

severe and permanent mental and emotional injuries, and other damages as set forth herein.

### COUNT I (Negligence)

9. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein, and by way of further pleadings states as follows:

10. At all times relevant hereto the Plaintiff was under the care, supervision, and control of the Defendants, their agents, employees and representatives. The Defendants owed a duty to the plaintiff to exercise reasonable care, supervision, and control of the Plaintiff and her fellow students and to exercise reasonable measures to protect and warn the students from injury and harm including the duty to supervise, monitor, and control the students residing at facilities owned, operated and/or managed by the Defendants. Defendants owed a further duty to adhere to the agreed upon protocol for situations where the Plaintiff was to leave campus.

11. The Defendants breached their duties of care to the plaintiff and so negligently failed to care for, supervise, monitor, and control their students including the Plaintiff by allowing her to leave the campus, and to go to a hotel where she was subsequently repeatedly sexually assaulted.

12. As a direct and proximate cause and result of the Defendants' breaches of duties of care and negligence, the plaintiff, suffered severe and permanent numerous damages and losses including, but not limited to, serious personal injury, severe and permanent emotional and mental injuries, extreme pain and suffering, numerous medical procedures and therapies, large and continuing medical expenses, emotional distress and mental anguish, loss of enjoyment of life, lost wages and potential lost earning capacity, the costs and expense of litigation, and that

the plaintiff will continue to suffer from the injuries, damages, and losses of the same for a long time in the future; all to the damage of the plaintiff, the Plaintiff, as she says, within the minimum and maximum jurisdictional limits of this Court, plus interests and costs.

## COUNT III (Negligent Infliction of Emotional Distress)

13. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein, and by way of further pleadings states as follows:

14. At all relevant times, Defendants owed a duty to use reasonable care in their interactions, care, custody and control of the Plaintiff.

15. Nevertheless and wholly unmindful of the foregoing, Defendants breached this duty thereby causing Plaintiff to suffer severe physical injuries and pain and severe emotional distress and damages as aforesaid.

## COUNT IV (In Loco Parentis)

16. Plaintiff incorporates by reference herein the allegations contained in the preceding paragraphs, as if fully set forth herein, and by way of further pleadings states as follows:

17. At all relevant times, while Plaintiff was enrolled at the Defendants school and/or residential facility, she was without the protection of her parents.

18. Defendants, their employees and representatives maintained a special relationship with the Plaintiff while she was enrolled there and Defendants were required to give her the protection which the custody deprived them and to provide her with reasonable supervision.

19. As a direct, proximate, and foreseeable result of Defendants' actions *in loco parentis* Plaintiff was caused to suffer severe physical injuries and pain and severe emotional suffering and damages as aforesaid.

## JURY DEMAND

Plaintiff demands that this matter be tried to a Jury.

WHEREFORE, the plaintiff prays that this Honorable Court:

A. Allow the entry of judgment consistent with the jury's determination on all claims and with the determination for full and fair compensation in favor of the plaintiff as allowed in law and equity; and

B. The allowance of such further relief as justice and equity require.

RESPECTFULLY SUBMITTED

Bridget Hale

By her attorneys:
Boynton, Waldron, Doleac, Woodman & Scott

Dated: 4/23/19

By: _____

Francis X. Quinn, Jr., (ME Bar #:6855 )
82 Court Street,
Portsmouth, NH 03801
(603) 436-4010
fquinn@nhlawfirm.com